# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC LEE ERICKSON, #127087,**

    **Plaintiff,**

vs.                                                                 Case No. 4:19cv58-MW/CAS

**STATE ATTORNEY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a document entitled "§ 2255 motion." ECF No. 2. Plaintiff did not pay the filing fee, nor did he submit an in forma pauperis motion. Plaintiff was required to do one or the other to proceed. ECF No. 4. Additionally, Plaintiff was directed to clarify whether or not he is a "prisoner" as defined by 28 U.S.C. § 1915(h)[1] should he file an in forma pauperis motion. *Id.* His deadline to respond to that Order was March 7, 2019. *Id.* Plaintiff was specifically warned that if

---

[1] Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Case 4:19-cv-00058-MW-CAS   Document 5   Filed 03/26/19   Page 2 of 3

Page 2 of 3

he failed to comply by the deadline provided, a recommendation would be made to dismiss this case. *Id.* As of this date, Plaintiff has not complied with either requirement.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2019.

                               S/   Charles A. Stampelos
                               **CHARLES A. STAMPELOS**
                               **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.